# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**WILLIAM TIMOTHY SUTTON,**

    **Petitioner,**

v.                                        **Civil Action No.: 3:21-CV-135 (GROH)**

**PAUL ADAMS, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On August 16, 2021, Petitioner William Timothy Sutton, an inmate incarcerated at FCI Hazelton, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, claiming that his criminal history calculation in Eastern District of Kentucky, was improper, and which in turn has caused his custody classification to be maximum security. ECF No. 1 at 1, 5.[1]  Petitioner also filed a memorandum of law in support of his petition. ECF No. 1-1.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed with prejudice.

---

[1] All ECF numbers cited herein are from the instant case, 3:21-CV-135, unless otherwise noted.

## II.   FACTUAL AND PROCEDURAL HISTORY

### A.   Conviction and Sentence[2]

On June 22, 2017, an indictment was returned in the Eastern District of Kentucky charging Petitioner with four counts of interstate murder for hire, in violation of 18 U.S.C. § 1958, and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922. ECF No. 1.  A jury trial commenced on January 23, 2018.  ECF No. 61.  On January 31, 2018, Petitioner was found guilty of all five charges contained in the indictment.  ECF No. 80.  On May 30, 2018,[3] Petitioner was sentenced to 360 months of imprisonment. ECF No. 88.

### B.   Direct Appeal

On June 7, 2018, Petitioner filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit, in that Court's docket 18-5600.  ECF Nos. 89, 90.  On April 26, 2019, the Sixth Circuit affirmed the judgment of the district court.  ECF Nos. 113, 114.

### C.   Motion to Vacate Pursuant to 28 U.S.C. § 2255

On May 28, 2019, Petitioner filed a motion [ECF No. 116] to vacate, which raised several issues, which were later summarized by the district court as follows:

---

[2] The facts are taken from Petitioner's criminal conviction in the Eastern District of Kentucky, in case number 6:17-CR-32, available on PACER. Unless otherwise noted, the ECF entries in sections II.A., II.B., and II.C. refer to that criminal case.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] The Court notes that Petitioner was sentenced, and the District Judge signed the Judgment in a Criminal Case on May 30, 2018, but that the same was not filed with the Clerk until June 1, 2018.  ECF No. 88.

2

> Mr. Sutton has now filed a motion to vacate his sentence under § 2255, arguing (1) his sentence was excessive in violation of the Constitution, (2) six claims of ineffective assistance of counsel, (3) ten claims of prosecutorial misconduct, and (4) that newly discovered evidence would have affected the outcome of his trial.

ECF No. 154 at 2. Further, Petitioner challenged his conviction of being a prohibited person in possession of a firearm, based on the holding in Rehaif v. United States, 139 S.Ct. 2191 (2019). A recommended disposition that the motion to vacate be denied was filed on November 3, 2020. ECF No. 151. On December 23, 2020, the district court issued both a memorandum opinion and order and a judgment which adopted the recommendation of the magistrate judge. ECF Nos. 154, 155.

Petitioner filed an appeal of that judgment to the Sixth Circuit on February 22, 2021, in that court's docket number 21-5164. ECF Nos. 156, 157. A review of PACER shows that case remains pending.

### D. Instant Proceedings Under 28 U.S.C. § 2241

Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, on August 16, 2021, wherein he claims that his criminal history was miscalculated in Eastern District of Kentucky. Petitioner further claims that the improper criminal history calculation led to an improper custody classification, and that his placement in the maximum security environment of Hazelton FCI places him in imminent danger. ECF No. 1 at 5. Petitioner asks the Court to order the Bureau of Prisons to modify his criminal history and remove charges which Petitioner claims were dismissed. Id. at 8.

Petitioner concedes that he has not exhausted his administrative remedies, claiming that the time necessary to file a grievance will place him in danger. Id. at 7 – 8. Further, in his memorandum of law, Petitioner "acknowledges he has not exhausted his

administrative remedies," but contends that his claim merits consideration before exhaustion to avoid irreparable injury. ECF No. 1-1 at 9. In his memorandum, Petitioner further requests that the Court order Hazelton FCI "to not rely on his dismissed charges to classify his custody, and to remove the erroneous information from his file." Id. at 10.

### III.  STANDARD OF REVIEW

#### A.  Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

#### B.  Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement. Preiser v. Rodriguez, 411 U.S. 475, 498 – 499 (1973). "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus." Id. at 498.

### IV. ANALYSIS

Petitioner asserts that he is entitled to the writ of habeas corpus on the theory that his criminal history and custody classifications were improperly calculated. ECF No. 1 at 1, 5. For relief, Petitioner does not seek release from custody, to shorten his incarceration, or to restore any good time credit. Rather, Petitioner seeks to have the Court order the Bureau of Prisons and FCI Hazelton to correct their files and to transfer him to less secure level of custody. ECF Nos. 1 at 9, 1-1 at 10.

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

5

To the extent that Petitioner contends that the BOP, acting through its administration or through FCI Hazelton, failed to properly calculate his criminal history or custody classification, his petition fails because neither the fact nor the length of his confinement are contested. Because Petitioner seeks relief that does not affect the fact or duration of his confinement, his claim is inappropriate for consideration under § 2241.[5] As stated by the Supreme Court:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254,[6] and a complaint under . . . 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.[7]

Hill v. McDonough, 547 U.S. 573, 579 (2006) (internal citations omitted). The Supreme Court previously explained in a challenge by two prisoners that, "[b]ecause neither prisoner's claim would necessarily spell speedier release, neither lies at 'the core of habeas corpus' . . . [and] the prisoners' claims for *future* relief (which, if successful, will not necessarily imply the invalidity of confinement or shorten its duration) are yet more distant from that core." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (internal citations omitted).

---

[5] Even if Petitioner had stated a claim based upon the fact or duration of his confinement, that claim would still be subject to dismissal for failure to exhaust his administrative remedies. Petitioner asserts that exhausting his administrative remedies would be too time consuming and that he would suffer injury before his claims were exhausted. However, it appears that Petitioner has not made even a cursory attempt to present his claims to the institution where he is housed or the Bureau of Prisons.

[6] Federal prisoners may file a petition under § 2241 to challenge the fact or duration of confinement.

[7] Actions filed under § 1983 are civil rights actions against state actors. In Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971), the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law.

In his petition, it is clear that Petitioner does not attack, nor are his claims related in any way to, the execution of his sentence. He does not challenge the validity of his confinement or seek speedier release from confinement. Instead, he complains about his placement based on his criminal history as calculated in his Pre-Sentence Investigation Report. Accordingly, it appears that the Petitioner has failed to assert a claim for which relief can be granted under 28 U.S.C. § 2241, and his petition must be dismissed.

Further, to the extent that Petitioner alleges that the BOP improperly calculated his security classification, the same is not cognizable in a habeas petition. A federal prisoner has no statutory or constitutional right to a specific custodial security classification. Moody v. Daggett, 429 U.S. 78, 88, n. 9 (1978). An inmate's classification is administrative and prison officials can change an inmate's security classification "for almost any reason or no reason at all."[8] Brown v. Ratledge, No. 7-16-CV-00303, 2017 WL 4404248, at *7 (W.D. Va. Sept. 29, 2017, aff'd, 709 F. Appx. 215 (4th Cir. 2018) (per curiam) (unpublished) (citations omitted). Moreover, any challenge to a custody or security classification is not cognizable in a 2241 habeas petition because such a challenge addresses the conditions of confinement and not the fact or duration of incarceration. See Moore v. Driver, No. 1:07CV166, 2008 WL 4661478, at 3

---

[8] The district court more fully explained that:

A prison inmate does not have a protectable liberty or property interest in his custodial classification" and does not have a constitutional right to be housed in a particular facility. See Wolters v. Fed. Bureau of Prisons, 352 Fed.Appx. 926, 928 (5th Cir. 2009) (citing Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995)). Classification of inmates is an administrative function, and prison officials can change an inmate's classification for almost any reason or no reason at all. See Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989); Wolters, 352 Fed.Appx. at 928; Mendoza v. Lynaugh, 989 F.2d 191, 194 n. 4 (5th Cir. 1993). Therefore, the court concludes that Brown's allegations do not state a due process violation.

Brown v. Ratledge, 2017 WL 4404248, at *7.

(N.D.W. Va. Oct. 21, 2008) (an inmate "cannot bring his claim regarding his custody classification in the context of § 2241 petition, because § 2241 petitions generally cannot be used to challenge conditions of confinement") (citing Preiser, 411 U.S. at 499-500).

Because the sole issue raised by Petitioner is his security classification, a subject which is not appropriate for disposition through a § 2241 proceeding, this case should be dismissed for failure to state a claim upon which relief may be granted.

## V.     RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be DENIED and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985);

Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** August 17, 2021

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE